UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| CLAUDIA MEJIA-HAFFNER and | ) | |
| STEVEN R. HAFFNER, | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 5:15-CV-175 |
| | ) | |
| KILLINGTON/PICO SKI RESORT | ) | |
| PARTNERS, LLC, | ) | |
|    Defendant. | ) | |

## DECISION ON BURDEN OF PROOF for VERMONT SPORTS INJURY STATUTE

Defendant objects to the proposed jury instructions (doc. 63) because these place the burden of proof on the application of the Vermont Sports Injury statute, 12 V.S.A. § 1037, on the defense. The court will instruct the jury that the burden of proof is on the Defendant. Only two cases address the issue and these not very directly.

In *Mahdessian v. Stratton Corp*, 210 F.3d 355 (2d Cir. 2000), the district court placed the burden of proof on the plaintiff – skier. There was no objection. The Second Circuit held that it was not plain error to place the burden of proof on the plaintiff. That was hardly a ringing endorsement. Earlier in *Dillworth v. Gambardella*, 970 F.2d 1113 (2d Cir. 1992), the court suggested the opposite result. In *Dillworth* the court held that a collision between two skiers was covered by the sports injury statute. The court equated primary assumption of the risk and the sports injury statute and observed that both are best understood as rules that no duty is owed by the defendant in cases of inherent, obvious and necessary risk. In addressing burden of proof, the court noted that

> We realize that rephrasing the issue from assumption of inherent dangers to the duties owed by defendant changes the burdens of pleading and proof. Plaintiff has the burden to show breach of duty by the defendant. Defendant must plead and prove assumption of risk as an affirmative defense.

Id. at n.1. The court has sought to follow this distinction in the instructions. There is no question that plaintiff has the burden of proving breach. The existence of a duty is generally a legal issue not presented to the jury and it is not given to the jury in this case. The court has ruled as a matter of law that the defendant owes a duty of reasonable care (negligence) to the plaintiff. The only exception to that general rule is the specific exception to the negligence standard arising from inherent, obvious and necessary dangers for which there is no duty. The court's allocation of burden requires the defendant to come forward with evidence that this exception applies.

There are certainly arguments to be made in favor of requiring the plaintiff to prove that the exception does not apply to the general rule that we all owe one another a negligence duty in the conduct of our lives. See *Sklar v. Okemo Mountain*, 877 F. Supp. 85 (D. Ct. 1995). But the court is dealing with a statute, not a common law rule, so the issue is one of legislative intent. It is well accepted that in enacting the sports injury statute, the legislature sought to codify the rule expressed in *Wright v. Mt. Mansfield Lift, Inc.*, 96 F.Supp 786 (D.Vt. 1951) and *Sunday v. Stratton Corp,* 136 Vt. 293 (1978) that ski area liability is governed by primary assumption of the risk. Certainly Judge Gibson in 1951 would have been surprised by an argument that plaintiffs have the burden of disproving their assumption of the risk. In *Sunday*, the Vermont Supreme Court made this understanding explicit: "[w]ith the burden of proof on assumption of risk and contributory negligence resting on the defendant under V.R.C.P. 8(c), defendant may well have received more charge than it was entitled to." Id. at 404.   In seeking to codify the common law rule, it is most probable that the legislature intended to codify the entire legal

structure, including the long-standing practice of considering assumption of the risk to be an affirmative defense and assigning the burden of proof to the defense.

Placing the burden of proof on the defense is also consistent with a long line of Vermont Supreme Court cases drawn from other areas of negligence law which place the burden of proof in assumption of the risk cases on the defendant after it raises the issue as an affirmative defense. See, for example, *Garafano v. Neshobe Beach Club, Inc.*, 126 Vt. 566 (1967); *Wells v. Village of Orleans*, 132 Vt. 216 (1974); *Paton v. Sawyer*, 134 Vt. 598 (1976); *Sunday v. Stratton Corp*, 136 Vt. 293 (1978). These are all cases involving secondary assumption of the risk which is now understood as the equivalent of a claim of comparative negligence. Nevertheless, the practice of placing the burden of proof on the defendant is of long-standing and consistent with V.R.Civ.P. 8(c) which includes assumption of risk on the list of affirmative defenses which must be raised in the answer.

## CONCLUSION

The court will place the burden of proof with respect to 12 V.S.A. § 1037 on the defendant.

Dated at Rutland, in the District of Vermont, this 1st day of November, 2016.

_____
Geoffrey W. Crawford, U.S. District Judge